Artashes NOURIDJANIAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–76464.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 19, 2006.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

678

Aris Artounians, Law Office of Aris Artounians, Glendale, CA, for Petitioner.

CAC-District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Deborah Watson, DOJ-U.S. Department of Justice Appellate Section/Criminal Division, Washington, DC, for Respondent.

Before: WALLACE, KLEINFELD and BERZON, Circuit Judges.

MEMORANDUM **

Artashes Nouridjanian, a native and citizen of Armenia, petitions for review of the

** This disposition is not appropriate for publication and may not be cited to or by the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001), and we deny the petition for review.

Nouridjanian testified inconsistently about the source of his alleged persecution: he initially claimed that individuals instructed by priests beat him, he subsequently stated that the police were his persecutors, and he ultimately conceded that he did not know who had attacked him. *See id.* at 890 (holding that an adverse credibility finding is fully supported by an applicant's "propensity to change his story" regarding incidents of past persecution). Nouridjanian also testified that he gave false information to an asylum officer about the basis for his application and the motives of his alleged persecutors. *See id.* Substantial evidence therefore supports the agency's negative credibility finding.

Because Nouridjanian did not establish his eligibility for asylum, he necessarily failed to meet the more rigorous standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Nouridjanian's CAT claim was based solely on the testimony the IJ deemed not credible. We therefore uphold the BIA's order denying his CAT claim. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.